THE PEOPLE OF THE STATE OF NEW YORK ex rel. MAX GORDON, Relator, *v.* S. EARL McDERMOTT, Commissioner of Public Safety of the City of Cohoes, and MARK T. ROBERTSON, Chief of Police of the Said City of Cohoes, Respondents.

Supreme Court, Albany County, October 25, 1938.

*Morris Zuckman,* for the relator.

*John Doherty, Corporation Counsel,* for the respondents.

RUSSELL, J. Upon the return of the writ of habeas corpus Max Gordon asks for his discharge. It appears from the moving and answering papers that he was arrested in the city of Cohoes for a violation of the Vehicle and Traffic Law of the State of New York for not having in his possession an operator's or chauffeur's license and also for a violation of ordinance 208 of the city of Cohoes, which ordinance prohibits the throwing, casting or distribution of handbills, circulars, etc., on the streets of such city. Upon oral argument upon the return of the writ, it was conceded that the relator did have an operator's license but had left it home, which said license was produced.

The main question to be determined is whether or not the distribution of circulars of the nature and kind distributed was such an offense that the relator could be rightfully taken into custody. In other words, is the ordinance itself invalid? The relator was distributing a pamphlet upon the cover of which were the words: " Communist Election Platform 1938," without having first obtained written permission from the commissioner of public safety of the city of Cohoes.

I am of the opinion that the writ should be sustained upon the authority of *Lovell* v. *City of Griffin, Ga.* (303 U. S. 444). In the *Lovell* case the facts were very similar. Chief Justice HUGHES, in delivering the opinion, stated: " We think that the ordinance is invalid on its face. Whatever the motive which induced its adoption, its character is such that it strikes at the very foundation of the freedom of the press by subjecting it to license and censorship. The struggle for the freedom of the press was primarily directed against the power of the licensor."

For these reasons the writ is sustained and the relator discharged. Submit order.